**FILED**

March 17, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ DT
DEPUTY

LUIS NAVARRO
FED. REG. # 57509-056
FEDERAL CORRECTIONAL
INSTITUTION - LA TUNA
P.O. BOX 3000
ANTHONY, NM/TX 88021

IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUIS NAVARRO<br>  Plaintiff | COMPLAINT |
| -V- | Civil Action No. 21-CV-200-DCG |
| SANDRA HIJAR (WARDEN)<br>CORRALES-REGISTERED NURSE,<br>INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPACITIES<br>  Defendants | PETITION TO REDRESS THE DEPRIVATION<br>UNDER COLOR OF LAW, OF RIGHTS SECURED<br>BY THE CONSTITUTION OF THE UNITED STATES,<br>PURSUANT TO 42 U.S.C. SECTION 1983. |

A

1.  JURISDICTION AND VENUE

B

1. This a civil action, authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court, Western District of Texas, El Paso Division, is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving

rise to this claim occurred.

## 11. PLAINTIFF                                                                                    C

3. Plaintiff Luis Navarro, is and was at all times mentioned herein a prisoner or inmate in the custody of the Bureau of prisons (B.O.P.). He is currently confined in the Federal Correctional Institution, La Tuna, P.O. Box 3000, Anthony, Nm/Tx 88021.

## 111 DEFENDANTS                                                                                   D

4. Defendant Sandra Hijar, is the Warden of the Federal Correctional Institution, La Tuna. She is legally responsible for the operation of FCI, La Tuna, and for the welfare of all inmates of that prison.

5. Defendant Corrales is a Registered Nurse in the Federal Correctional Institution who, at all times mentioned in this complaint, held the position of Registered Nurse as was assigned to the Clinic at FCI, La Tuna.

6. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

## FACTS                                                                                            E

At about 10.00 am on 07-11-2021, the inmates in Unit 4, where Plaintiff Luis Navarro is housed, where he was getting ready for the 10.00 a.m. count. Inmate Navarro was feeling nausea and dizziness, and decided to sit down on his bunk. The Unit 4 Officer became aware of Navarro's condition, but proceeded to complete the count. During an interim period of about thirty minutes later, some inmates who were aware of his underlying medical condition, of pre-Diabetes, gave Navarro some peanuts and honey, which he ate, and that seemed to momentarily, alleviate the situation. The Statement of Facts, is based on the Incident Report, See EXHIBIT 1A, the reliability of which is open to question.

Inmate Navarro was subsequently led to Health Services with the assistance of a Compound Officer. The Compound Officer conducted a breathalyzer test, using the alcohol-Senso 111 with negative results.

At approximately 10:59 am, Registered Nurse Corrales completed the medical protocol of assessing Navarro's condition and declared that Navarro was under the influence of illicit drugs. RN Corrales claimed that, during the assessment, Navarro was confused, disoriented, and displayed the following symptoms, slurred speech, both pupils were glazed and dilated, and not reactive to the light. RN Corrales claimed, Navarro was having difficulty standing. A urine analysis, allegedly, revealed a positive reading for Fentanyl and THC, a clear fabrication, according to Navarro. The incident Report failed to mention Navarro was Pre-Diabetic. The testing lasted less than thirty minutes.

RN Corrales ordered Navarro to be taken to the S.H.U. (Special Housing Unit) for inmates who were found guilty of an infraction and isolated from the general population. The entire procedure is what Navarro would consider, "a cut and paste job." The so-called analysis was a rush to judgment. Upon rival to the S.H.U. Navarro suffered a stroke and regurgitated the contents of his stomach along with big balls of saliva. He was taken back to the clinic where Corrales, attended to him and said, "Go back to the SHU, you are now alright."

Navarro saw U.D.C. regarding the incident, after a couple of days in the SHU, and was advised of his rights. Navarro then sought Staff representation, citing Dr. Nabors who knew his medical history. In the Incident Report, RN Corrales omitted the fact the clinic had the diagnosis Navarro was Border line Diabetic. That he had been seeing this same prison Psychologist, Dr. Nabors. Navarro told Dr. Nabors that the whole report of Fentanyl and THC was an utter fabrication. he wanted Dr. Nabors to be a witness to this vicious lie. That, he was now accustomed to prison officials fabricating charges against him.

The case was referred to the DHO, who relied on the questionable assessment and self-serving memos. Pursuant to Dr. Nabors's diligent inquires about the veracity of the charges, on July 16, 2021, the Discipline Hearing Officer Report was rendered. The charges against Luis Navarro were expunged, See EXHIBIT 2A. The charges levied against Inmate Luis Navarro were as follows: Conduct Disruptive to the Orderly Running of the institution and Possession Use of Narcotics." On "V" FINDINGS OF THE DHO: IT READ "C". No Prohibited Act was Committed: Expunge according to Inmate Discipline PS5270.09. Navarro was vindicated, exposing another incident of official misconduct.

LEGAL ANALYSIS/STANDARD OF REVIEW            F

DELIBERATE INDIFFERENCE

The standard for "deliberate indifference' in medical care cases is the same two-part standard (objective and subjective) used if cases challenging conditions of confinement in prison. To prove deliberate indifference, one must show that (1) prison officials knew about your serious medical need and (2) the prison officials failed to respond reasonably to it. Estelle, 429 U.S. at 10.; Gutierrez v. Peters, 111 .F.3d 1364, 1369 (7th Cir. 1997).

Courts most often find deliberate indifference when;

* A prison doctor or medical staff fails to respond appropriately or does not respond at all top your serious medical needs. Scott v. Ambani, 577 F.3d 642 (6th Cir. 2009); Spruill v. Gillis, 372 F.3d 218 (3d Cir,. 2004); Meloy v. Bachmeire, 302 F.3d 845, 849 (8th Cir. 2002).

* Prison guards or other medical officials intentionally deny or delay your access to treatment. Brown v. District of Columbia, 514 3d 1279 (D.C. Cir. 2008)

*When these same non-medical officials interfere with the treatment that your doctor has ordered. Estelle, 429 U.S. at 104-05; Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

SERIOUS MEDICAL NEED - Luis Navarro avers that under the Eight Amendment, an inmate or prisoner is entitled to medical care for "serious medical needs." Courts do not agree on what is or isn't a serious medical need. One court described a serious medical need as; "one that has been diagnosed by a physician a mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. "Hill v. Dekalb Regal Youth Det. Ctr. 40 F.3d 1176, 1187 (11th Cir. 1994). Courts usually agree that a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain. '"Estelle, 429 U.S. at 429 U.S. at 104; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

For Luis Navarro to "establish a claim under Section 1983," he "must (1) allege a violation of a (763 Fed. Appx. 369) right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Pratt v. Harris County., Tex., 822 F.3d 174, 180 (5th Cir. 2016)(internal quotation marks and citations omitted). The Constitution imposes on prison officials the duty to "the reasonable measures to guarantee= the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)(internal quotation marks and citation omitted). The eight Amendment prohibits the wanton and unnecessary infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official must have a state of mind of al at least "deliberate indifference" to inmate health or safety to support a claim against him. See Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Mere negligence or medical malpractice is not enough. Steward v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

EXHAUSTION OF LEGAL REMEDIES                    G

Luis Navarro used the prisoner grievance procedure available at the federal Correctional Institution to try and solve the problem. Plaintiff, Luis Navarro presented the facts relating to this complaint before the UDC and DHO.

LEGAL CLAIMS                    H

7. Plaintiff Luis Navarro re-allege and incorporate by reference paragraphs A-G.

8. The deliberate indifference to medical needs, violated Luis Navarro's constitutional rights, and cruel and unusual punishment, a due process violation under the 8th Amendment or Fourteenth Amendment to the United States Constitution.

9. The Plaintiff, Luis Navarro has no plain, adequate or complete remedy at law to redress the wrings described herein. Plaintiff Luis Navarro has been and will continue to be irrecoverably

injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff Luis Navarro seeks.

CONCLUSION                      I

Luis Navarro avers that just like people in the free world, inmates or prisoners like him have a fundamental constitutional right to use the court system. this right is based on the First, Fifth and Fourteenth Amendments to the Constitution. Under the First Amendment, you have he right to petition the government for a redress of grievances." and under the Fifth and Fourteenth Amendments, you have a right to "due process of law.' Put together, these provisions mean that you must have the opportunity to go to court if you think your rights have been violated.

PRAYER FOR RELIEF                J

WHEREFORE, Plaintiff Luis Navarro respectfully prays that this court enter a judgment granting plaintiff:

10. A declaration that the acts and omissions described herein violated plaintiff's right under the constitution and Laws of the United States.

## PRAYER FOR RELIEF

K _____

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

A preliminary and permanent injunction ordering defendants Sandra Hijar (Warden) and Corrales (Registered Nurse) to not to retaliate for plaintiff exercising his constitutional rights by filing this suit.

Compensatory damages in the amount of $100,000 against each defendant, jointly and severally.

punitive damages in the amount of $100,000 against each defendant.

Plaintiff's costs in this suit

Any additional relief this court deems just, proper, and equitable.

Dated:  3 · 11 · 22 _____

### Respectfully Submitted

Luis Navarro
Fed. Reg. # 57509-056
Federal Correctional
Institution o La Tuna
P.O. Box 3000
Anthony, Nm/Tx 88021

### VERIFICATION                                    L

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to these, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at La Tuna, NM/Tx on MARCH 11 , 2022.

_____
Signature

Luis Navarro

## CERTIFICATE OF SERVICE                    M

I, Luis Navarro herby certify that I have deposited in the mailbox located at the Federal Correctional Institution, in La Tuna a true copy of the document entitled "Petition to Redress the deprivation of rights secured under the United States Constitution ---under Section 42 U.S.C. Section 1983. This entitled document has sent to the following pertinent parties pursuant to Houston v. Lack (citations omitted);

CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
525 MAGOFFIN STREET
EL PASO, TX 88021

SANDRA HIJAR (WARDEN)
FEDERAL CORRECTIONAL
INSTITUTION - LA TUNA
P.O. BOX 3000
ANTHONY. NM/TX 88021

OFFICE OF U.S. ATTORNEY
700 E. SAN ANTONIO STREET
EL PASO - TEXAS 79901

CORRALES (REGISTERED NURSE)
FEDERAL CORRECTIONAL
INSTITUTION - LA TUNA
P.O. BOX 3000
ANTHONY, NM/TX 88021

DATE: 3 · 11·22

RESPECTFULLY SUBMITTED,

LUIS
NAVARRO
FED. REG. # 57509-056

FEDERAL CORRECTIONAL
INSTITUTION - LA TUNA
P.O. BOX 3000
ANTHONY, NM/TX 88021

# CHASE ◉

## Terms and Conditions:

* Please keep this copy for your record of the transaction
* Money Orders are not valid for more than $1000
* The sender/drawer agrees to enter the name of the payee and to
  sign the instrument immediately upon purchase
    - Failure to do so will result in the sender/drawer bearing
      the risk of any loss or theft of this instrument
* The laws of a specific state will consider these funds to be "abandoned"
  if this Money Order is not cashed by a certain time
* Placing a Stop Payment on a Money Order
    - Sender/Drawer can place a stop payment on an unpaid Money Order
    - Please visit a Chase Branch to place a stop and have the item re-issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Money Order
  or for any other information about this item

**FOR YOUR PROTECTION SAVE THIS COPY**          **Customer Copy**

## MONEY ORDER

9011029587

09/23/2021

**Pay To The Order Of:** U.S District Clerk's Office          $** 402.00 **

**Pay:**          FOUR HUNDRED TWO DOLLARS AND 00 CENTS

NOT VALID FOR MORE THAN $1000.00

Luis A Navarro

**Memo:** Civil Action 21-CV-200-DCG-LS          **NON NEGOTIABLE**

Note: For information only. Comment has no effect on bank's payment.          SENDER/DRAWER:

282111107 NEW 01/21 8810004306

HOLD DOCUMENT AT ANGLE TO VIEW ARTIFICIAL WATERMARK ON BACK          **MONEY ORDER**          HOLD DOCUMENT AT ANGLE TO VIEW ARTIFICIAL WATERMARK ON BACK

# CHASE ◉          9011029587

Date    09/23/2021          1221

**Pay To The Order Of:** U.S District Clerk's Office          $** 402.00 **

**Pay:**          FOUR HUNDRED TWO DOLLARS AND 00 CENTS

Luis Alberto Navarro 57509056

NOT VALID FOR MORE THAN $1000.00

Do not write outside this box    #57509056

Luis Alberto Navarro

**Memo:** Civil Action 21-CV-200-DCG-LS

Note: For information only. Comment has no effect on bank's payment.

SENDER/DRAWER: P.O Box 3000, Anthony, NM 88021

ADDRESS:

JPMorgan Chase Bank, N.A.
Phoenix, AZ

⑈9011029587⑈ ⑆122100024⑇ 758661292⑈

Luis Alberto Navarro #5750706
Federal Correctional Institution
FCI La Tuna
P.O Box 3000
Anthony, NM 88021

FILED

MAR 17 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
          DEPUTY CLERK

Clerk of court
U.S District Court
Western District of Texas
525 magoffin st
El Paso, TX 88021